UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants. | Case No. 21-cv-00561-JSW <br><br> **ORDER DENYING MOTION TO DISMISS OR STRIKE FIRST AMENDED COMPLAINT** <br><br> Re: Dkt. No. 52 |

Now before the Court for consideration is the motion to dismiss and motion to strike the first amended complaint filed by Intervenor Defendants National Rifle Association ("NRA") and Safari Club International ("SCI") (collectively, "Intervenor-Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for July 2, 2021. For the following reasons, the Court DENIES Intervenor-Defendants' motion.

## BACKGROUND

Plaintiff filed the complaint in this matter against the U.S. Fish and Wildlife Service and U.S. Department of the Interior ("Federal Defendants") on January 25, 2021. (Dkt. No. 1.) On March 1, 2021, the Court granted the parties' stipulation extending the Federal Defendants deadline to answer the complaint to April 19, 2021. (Dkt. No. 13.) On April 2, 2021, NRA and SCI filed their motion to intervene. (Dkt. No. 17.) On April 19, 2021, the Federal Defendants answered the complaint. (Dkt. No. 26.) The Court granted Intervenor-Defendants motion to intervene on May 3, 2021. (Dkt. No. 31.)

On May 6, 2021, Intervenor-Defendants' filed a motion to dismiss for lack of jurisdiction arguing that Plaintiffs failed to sufficiently allege Article III standing. (Dkt. No. 36.) On May 20, 2021, Plaintiffs filed a first amended complaint ("FAC"), which contains additional allegations related to Plaintiffs' Article III standing. (*See* Dkt. No. 51.) In response to the FAC, Intervenor-Defendants filed the instant motion to dismiss and strike the FAC as untimely under Fed. R. Civ. P. 15(a)(1)(B). (Dkt. No. 52.) On June 3, 2021, the Federal Defendants answered the FAC, in which they stated an objection to the timeliness of the FAC. (Dkt. No. 56.) Plaintiff opposed Intervenor-Defendants' motion to dismiss the FAC on June 4, 2021, and Intervenor-Defendants submitted a reply on June 10, 2021. (Dkt. Nos. 58, 59.)

**ANALYSIS**

**A.    Applicable Legal Standard.**

Fed. R. Civ. P. 15(a) permits a party to amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
>
> (B) If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When considering whether to grant leave to amend, the Court considers five factors: (1) bad faith on the party seeking amendment; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended the complaint. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Because an amended complaint supersedes the original, after an amended complaint is filed, a motion to dismiss targeting the original complaint becomes moot. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

**B.    The Court Denies Intervenor-Defendants' Motion to Dismiss and Strike the FAC.**

Intervenor-Defendants argue that the FAC was untimely under Fed. R. Civ. P. 15(a)(1)(B), and accordingly, it did not moot Intervenor-Defendants' original motion to dismiss. For that

2

reason, Intervenor-Defendants argue that the Court should grant its first motion to dismiss for lack of jurisdiction based on Plaintiff's failure to oppose the motion and dismiss or strike the FAC.

Here, Plaintiff filed the FAC within twenty-one days of Intervenor-Defendants' motion to dismiss for lack of jurisdiction. However, Plaintiff's FAC was filed more than twenty-one days after the Federal Defendants filed their answer to the complaint. Intervenor-Defendants argue that the Federal Defendants' answer started the clock on Rule 15(a)(1)(B)'s twenty-one-day deadline rendering the FAC untimely.

Although more than twenty-one days had passed since Federal Defendants filed their answer before Plaintiff filed the FAC, only fourteen days had elapsed since Intervenor-Defendants filed their motion to dismiss. As such, the Court finds that Plaintiff was entitled to amend as of right with respect to the Intervenor-Defendants. This conclusion is in accord with the reasoning adopted by many courts that "[w]here there are multiple defendants, and some defendants have filed an answer and some defendants have not, the plaintiff may amend the complaint as a matter of course as to the non-answering defendants." *Hylton v. Anytime Towing*, No. 11CV1039 JLS WMC, 2012 WL 1019829, at *2 (S.D. Cal. Mar. 26, 2012); *see Backcountry Against Dumps v. United States Bureau of Indian Affs.*, No. 20-CV-2343 JLS (DEB), 2021 WL 242934, at *1 (S.D. Cal. Jan. 25, 2021) (amendment as of right proper where plaintiffs filed an amended complaint within twenty-one days of federal defendants motion to dismiss despite the fact that more than twenty-one days had passed since intervenor-defendants had filed a motion to dismiss); *Yellowcake, Inc. v. Triwolf Media, LLC*, No. 1:20-CV-0981 AWI SKO, 2020 WL 6728934, at *2 & n.2 (E.D. Cal. Nov. 16, 2020) (plaintiffs' amended complaint was timely under Rule 15(a)(1)(B) because it was filed on the twenty-first day after defendants' answer despite the fact that more than twenty-one-days had passed since other defendants had answered).

Accordingly, Plaintiff was entitled to amend the complaint as of right as to Intervenor-Defendants because they filed the FAC within twenty-one days of the Intervenor-Defendants' first motion to dismiss. Although the twenty-one-day period to amend as a matter of right had expired as to Federal Defendants, it had not expired as to Intervenor-Defendants. Plaintiff was permitted to amend as a matter of course as to Intervenor-Defendants. Therefore, the filing of the FAC was

3

timely, and Intervenor-Defendants' motion to dismiss for lack of jurisdiction, which targeted the original complaint, is moot. *Ramirez*, 806 F.3d at 1008.

As for Federal Defendants, because more than twenty-one days had passed from the time Federal Defendants answered the original complaint to the time the FAC was filed, Plaintiff's ability to amend as a matter of right with respect to Federal Defendants expired prior to the filing of the FAC. Accordingly, Plaintiff may amend against Federal Defendants only if granted leave to do so or with Federal Defendants consent. *See* Fed. R. Civ. P. 15(a)(2).

Here, Federal Defendants have already answered the FAC. And although Federal Defendants state their objection to the timeliness of the FAC under Rule 15(a)(1)(B), they have not moved to dismiss or strike the FAC or argued that they would be prejudiced by its filing. Additionally, the relevant factors weigh in favor of permitting leave to amend. There does not appear to be any bad faith or undue delay in Plaintiff's amendment, the amendment does not appear to be futile, and it will not prejudice Federal Defendants. Accordingly, the Court will grant Plaintiff leave to file the FAC against Federal Defendants.

Because Plaintiff was entitled to amend as of right against Intervenor-Defendants and because the Court grants Plaintiff leave to amend against Federal Defendants, the FAC is the operative complaint and applies to all parties.

## CONCLUSION

For the foregoing reasons, the Court DENIES as MOOT Intervenor-Defendants' motion to dismiss for lack of jurisdiction and DENIES Intervenor-Defendants' motion to dismiss or strike the FAC. The FAC supersedes the original complaint and is the operative complaint as to all parties.

**IT IS SO ORDERED.**

Dated: June 23, 2021

_____
JEFFREY S. WHITE
United States District Judge